```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT


ANTHONY S. LAPINSKY, M.D.,         :
     Plaintiff,                    :
                                   :
     v.                            :
                                   :
COPLEY HOSPITAL, INC.,             :    File No. 1:05-CV-34
MARK D. LICHTENSTEIN, M.D.,        :
and S. GLEN NEALE, M.D.,           :
     Defendants.                   :
                                   :
_____  :
```

RULING ON DEFENDANT NEALE'S MOTION FOR
FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b)
(Paper 131)

Defendant S. Glen Neale, M.D. moves for entry of final judgment under Fed. R. Civ. P. 54(b) arguing "there is no just reason for delay" and that he is entitled to "repose from these old claims." (Paper 131 at 2).

"[T]he ultimate decision to direct the entry of judgment [under Rule 54(b)] . . . 'is left to the sound judicial discretion of the district court' and 'is to be exercised in the interest of sound judicial administration.'" Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1091 (2d Cir. 1992) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). Specifically, a district court should enter a Rule 54(b) final judgment "only in the infrequent harsh case . . . where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Citizens Accord, Inc.

1

v. Town of Rochester, N.Y., 235 F.3d 126, 129 (2d Cir. 2000) (internal quotation marks and citations omitted).  The limited use of Rule 54(b) is driven by the need "to avoid redundant review of multiple appeals based on the same underlying facts and issues of law."  Mendez v. Radec Corp., 411 F. Supp. 2d 347, 349 (W.D.N.Y. 2006).

    Here, Neale has failed to show any danger of hardship or injustice from delay so as to justify entering final judgment under Rule 54(b).  While the Court appreciates Neale's desire to have this matter definitively closed, he provides no case law to indicate Rule 54(b) was intended to be used, or is routinely used, for only this reason.  And it is certainly not this Court's common practice to enter final judgment in a multi-defendant case prior to resolution of all claims against all defendants.

    Accordingly, Neale's motion for final judgment under Rule 54(b) (Paper 131) is DENIED.

    SO ORDERED.

    Dated at Brattleboro, Vermont, this 20th day of November, 2007.

                                /s/ J. Garvan Murtha
                                J. Garvan Murtha
                                United States District Judge